Filed 10/17/22 P. v. Switt CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CARLOS JUAN SWITT, <br><br> Defendant and Appellant. | F084292 <br><br> (Super. Ct. No. DF016460A) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. David E. Wolf, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

# STATEMENT OF APPEALABILITY

This is an appeal from a final judgment and sentence following a plea of no contest. (Cal. Rules of Court, rule 8.304(b)(4)(B).)  It is authorized by Penal Code section 1237.[1]

# STATEMENT OF THE CASE

In a complaint filed on October 5, 2021, the Kern County District Attorney alleged that Switt willfully and unlawfully possessed a weapon while he was confined in a penal institution (§ 4502, subd. (a)), and that he had on June 18, 2003, been convicted of a prior felony offense, first degree burglary (§ 459), within the meaning of section 667, subdivisions (c)-(j) and section 1170.12, subdivisions (a)-(e).

After the complaint was amended on November 5, 2021, to allege that Switt had manufactured or attempted to manufacture a weapon while confined in a penal institution (§ 4502, subd. (b)), Switt entered into a plea agreement pursuant to which he entered a no contest plea to the charge and admitted the strike with an indication by the court that the strike would be stricken pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and he would be sentenced to the low term of 16 months. There was a stipulated factual basis for the plea.

At the sentencing hearing on February 28, 2022, Switt initially attempted to withdraw his plea, but after discussion, he withdrew his request and agreed to be sentenced.  After granting the *Romero* motion, the court sentenced Switt to the agreed-upon term of 16 months and imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b); an additional fine of $300 which was stayed pursuant to section 1202.45; $40 in court security fees under section 1465.8; and $30 in criminal conviction assessments pursuant to Government Code section 70373.  Because Switt was already incarcerated, he was not entitled to any custody credits.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Switt timely filed a notice of appeal on May 2, 2022, and requested a Certificate of Probable Cause based on his desire to withdraw his plea, which the court granted.

## STATEMENT OF FACTS

The complaint alleges that on or about April 29, 2020, Switt possessed a sharp instrument while he was confined in a penal institution. During the sentencing hearing on February 28, 2020, Switt stated that the report of the incident was false, because he never had a knife in his possession, as shown in a video of the incident.

## APPELLATE COURT REVIEW

Switt's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Switt was advised he could file his own brief with this court. By letter on August 23, 2022, we invited Switt to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Switt.

## DISPOSITION

The judgment is affirmed.